Maxwell, J.
From a judgment rendered against appellant, defendant below, on an appeal from a justice of the peace, is this appeal.
There being no pleadings we gain a knowledge of the issues from the evidence.
*249 It appears that the parties to this suit had had some difficulty which they undertook to adjust by an appeal to arms. Plaintiff contended that a horse, his property, was killed by a shot from a rifle fired by the defendant, and sued for the recovery of the value of the horse.
Twenty-two witnesses testified at the trial, equally divided in number between the parties. Some twenty to thirty shots were fired, the defendant admitting that he fired at least ten shots.
Defense was that the defendant did not kill the horse and that he acted in self-defense.
As to what took place immediately preceding the shooting and until the termination of the affray, the plaintiff, his wife and the defendant were the only witnesses.
Plaintiff and his wife testified that defendant fired the ' first shot. This the defendant denied, thereby raising a question of veracity between himself and the plaintiff and his wife upon this point.
As to the other matters involved, they became, by the testimony of plaintiff and defendant, peculiarly questions of veracity between the parties.
■The defendant undertook to directly impeach the plaintiff by proof that his general reputation for ■ truth and veracity in the community in which he resided, was bad, and for this purpose introduced two witnesses — F. Morris and J. A. Noble — who testified upon direct examination that they were acquainted with the reputation for truth and veracity of the plaintiff in the community in which he lived and that it was bad.
At the' close of defendant’s testimony the court sua sponte instructed the jury: "Gentlemen of the jury. You will disregard the testimony of F. Morris and J. A. Noble respecting the reputation of the plaintiff, Dr. McGuire, as to truth and veracity. It *250 is not sufficient to impeach on the testimony of two witnesses.”
This ruling of the court was excepted to and is the only error assigned upon which a reversal of the judgment is asked,.
We know of no rule of law or practice which requires more than two witnesses to directly impeach a witness.
The above ruling was error and it cannot be said that it was not prejudicial to the defendant, for which reason the judgment must be reversed.
Reversed.